J. T. WILSON v. THE STATE.

No. 12297. Delivered May 22, 1929.

The opinion states the case.

*James A. Stephens* of Benjamin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—Aggravated assault is the offense; punishment fixed at confinement in the county jail for a period of two months and a fine of $250.00.

There was a dance at the home of Mr. Dunham, at which a number of persons of both sexes were present. Late in the night there was a quarrel between Leonard Houston and Jim Stevens. They went into the yard to fight. Five others, including Darr (the injured party) and the appellant, followed. A fight took place in which all of the parties mentioned participated. Darr received some wounds apparently cut with a knife. The appellant received a wound which might have been made with brass knucks or some other like instrument. It was the State's theory that after Darr and Dochran had ceased fighting, the former was hit by the appellant and that in the fight which ensued Darr was cut. All of the witnesses disclaimed observing any knife or weapon in the possession of the appellant, though some of them stated that it was he who cut Darr. This seems to be rather a conclusion as the evidence shows without dispute that it was dark and that they were unable to see whether weapons were used or not.

The appellant's theory, supported by his testimony and in part by others, was that as soon as he got out of the house he was hit on the back of the head and before he could recover himself, was assaulted by four or five persons, including Robert Darr, the injured party, who had him down on the ground and were kicking and striking him, and that he was cut over the eye. Darr was the first one of his assailants he got hold of and they fought. After receiving the wound on the eye, some one said that Darr was hurt; that some one had cut him. The appellant disclaimed the possession of any knife or the use of one.

In the first application for a continuance, appellant sought a delay to secure the testimony of Mrs. J. F. Dunham, who was al-

leged to have been an eye-witness to the difficulty and whose testimony would have corroborated that of the appellant to the effect that he was assaulted by four different parties at the same time and was knocked down and kicked with their feet. There was no lack of diligence, and the absence of the witness was due to sickness. It will be noted from the statement of facts that there seems to have been a general fight in which a number took place, and the evidence is somewhat confusing touching the incidents during its progress. The testimony of the witness is deemed material, and in our opinion, the delay sought should have been granted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*